## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

ERIC KONINGS, Individually and on Behalf of
All Others Similarly Situated,

     Plaintiffs,

v.

STEVEN STOLPER,

     Defendant.

Case No.: 17-cv-1485

**CLASS ACTION COMPLAINT**

**Jury Trial Demanded**

## INTRODUCTION

1.  This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2.  The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3.  Plaintiff Eric Konings is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4.  Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from him, a debt allegedly incurred for personal, family, or household purposes.

5.  Defendant Steven Stolper ("Attorney Stolper") is an attorney licensed to practice in the state of Wisconsin, whose principal place of business is located at 740 North Plankinton Avenue, Milwaukee, WI 53203.

6.      Attorney Stolper engages in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7.      Attorney Stolper engages in the business of collecting debts owed to others and incurred for personal, family, or household purposes.

8.      Upon information and belief, during 2017, Attorney Stolper has filed approximately 140 collection actions against consumers in Milwaukee County alone.

9.      Attorney Stolper is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

10.     On or about May 31, 2017, Attorney Stolper mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "Landmark Credit Union." A copy of this letter is attached as Exhibit A.

11.     Upon information and belief, the alleged debt identified in Exhibit A was incurred through transactions for personal, family, or household purchases by use of a consumer credit card.

12.     Upon information and belief, Exhibit A is a form letter, with the information specific to Plaintiff inserted by computer.

13.     Upon information and belief, Exhibit A was the first letter Attorney Stolper sent Plaintiff regarding the alleged debt to which the letter refers.

14.     Exhibit A contains the following text:

> If this claim or any portion of this claim is disputed you are to notify us within thirty (30) days, indicating the nature of the dispute. If you do not indicate a dispute in writing within that time, we will assume the claim to be valid. If you indicate a dispute we will provide you with evidence concerning the validity of the claim. The fact that you have thirty (30) days to indicate the dispute does not prevent us from filing a lawsuit within that time. This is an attempt to collect a debt and any information obtained will be used for that purpose.

2

15.     Attorney Stolper's attempt at the FDCPA validation notice in <u>Exhibit A</u> is inconsistent with the statutory requirements in several respects. 15 U.S.C. § 1692g(a).

16.     15 U.S.C. § 1692g(a) requires that debt collectors provide consumers with the following debt validation notice:

> **Notice of debt; contents**
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

17.     Attorney Stolper's attempt at the FDCPA validation notice in <u>Exhibit A</u> is inconsistent with the statutory requirements in several respects. 15 U.S.C. § 1692g(a).

18.     Failure to provide the correct validation notice pursuant to 15 U.S.C. § 1692g(a) is a *per se* violation of 15 U.S.C. § 1692g(a).  There is no materiality inquiry required where a debt collector fails to make a disclosure required under § 1692g.  *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 324 ("for good reason, we have not extended the implicit materiality requirement of § 1692e to reach claims under §1692g(a).").

3

19.     Plaintiff did not receive any other written communications from Attorney Stolper containing a complete and correct debt validation notice, either before or after Exhibit A.

### *Disputes need not be communicated "in writing." 15 U.S.C. § 1692g(a)(3)*

20.     First, Exhibit A states: "If you do not indicate a dispute *in writing* within that time, we will assume the claim to be valid." (emphasis added). Nothing, however, in 15 U.S.C. § 1692g(a)(3) requires that the consumer must notify the debt collector of a dispute in writing.

21.     Purporting to impose a writing requirement to dispute a debt raises a non-statutory impediment to consumers who wish to dispute an alleged debt.

22.     Moreover, a debt collector who receives oral notice, or any notice of dispute other than one in writing, within the 30 day verification period, *may not* assume that a debt is valid. 15 U.S.C. § 1692g(a)(3). This is material because oral disputes invoke some rights under the FDCPA and other consumer protection statutes, other than the verification process described in 15 U.S.C. §§ 1692g(a)(4) and 1692g(b).

23.     For example, a debt collector contacting third parties after an oral dispute must inform those parties that the debt is disputed, pursuant to another section of the FDCPA, 15 U.S.C. § 1692e(8), which prohibits "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that the debt is disputed."

24.     The Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., ("FCRA") requires all persons who furnish information to a credit reporting agency ("CRA") to provide notice of the dispute to the CRA if the debt is disputed by the consumer. 15 U.S.C. § 1681s-2(a)(3).

25.     Defendant's conduct – stating that disputes must be submitted in writing – has been repeatedly found to violate the FDCPA. *Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717

4

F.3d 282, 285-87 (2d Cir. 2013); *Clark v. Absolute Collection Serv.*, 741 F.3d 487, 490-91 (4th Cir. 2014); *Camacho v. Bridgeport Fin., Inc.*, 430 F.3d 1078, 1081 (9th Cir. 2005) ("The plain meaning of § 1692g is that debtors can trigger the rights under subsection (a)(3) by either an oral or written "dispute," while debtors can trigger the rights under subsections (a)(4) and (a)(5) only through written dispute."); *Beattie v. Capital One F.S.B.*, No. 05-cv-310-CNC, slip op. at 6-7 (E.D. Wis. Nov. 8, 2005); *Rosado v. Taylor*, 324 F. Supp. 2d 917, 929 (S.D. Ind. 2004); *Spearman v. Tom Wood Pontiac-GMC, Inc.*, 00-CV-1340-C-T/K, 2002 WL 31854892 at *8 (S.D. Ind., Nov. 4, 2002); *Walters v. PDI Management* Services, 02-CV-1100-JDT-TAB, 2004 WL 1622217 at *4-5 (S.D. Ind., April 6, 2004), *modified by Walters v. PDI Management Services*, 2004 WL 2137513 (S.D. Ind., Jun 14, 2004); *contra. Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991).

26.     For purposes of Plaintiffs' claims under 15 U.S.C. §§ 1692e and 1692e(10), Attorney Stolper's false statement that the consumer must dispute the debt "in writing" is a material violation of the FDCPA.

27.     By falsely stating that the consumer must dispute a debt "in writing," Attorney Stolper did not effectively convey to the consumers their rights under the FDCPA. *McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, 743 (N.D. Ill. 2003); *see also Desantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001) (a "debt collector violates the Act if it fails to convey the information required by the Act.").

### *Requests for verification must be made "in writing." 15 U.S.C. § 1692g(a)(4)*

28.     The attempted validation notice in <u>Exhibit A</u> omits import information required by 15 U.S.C. § 1692g(a)(4) – namely, that a dispute must be communicated "in writing" in order to trigger the debt validation requirements in 15 U.S.C. § 1692g(b).

5

29.     Exhibit A states: "If you indicate a dispute we will provide you with evidence concerning the validity of the claim." But in order to trigger the consumer's debt validation rights under 15 U.S.C. § 1692g(b), a consumer must do so in writing.

30.     Exhibit A fails to inform the consumer that, in order to invoke his or her verification rights, the consumer must dispute the debt to the debt collector in writing. 15 U.S.C. § 1692g(a)(4).

31.     By omitting the words "in writing" from the §§ 1692g(a)(4) portion of the validation notice language, Attorney Stolper did not effectively convey to the consumers their rights under the FDCPA. *McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, 743 (N.D. Ill. 2003); *see also Desantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001) (a "debt collector violates the Act if it fails to convey the information required by the Act.").

32.     Attorney Stolper's omission is also a material violation of the FDCPA. A consumer who attempts to orally exercise verification rights or a request for the identity of the original creditor does not effectively invoke his or her rights under 15 U.S.C. § 1692g(b):

> (b) **Disputed debts**
> If the consumer notifies the debt collector *in writing* within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector *in writing* that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

6

(emphasis added).

33.     By not specifying that the consumer must dispute the debt in writing to trigger their debt validation rights, Exhibit A is misleading. It leads the unsophisticated consumer to believe that an oral dispute is as good as a written dispute when it is not.

34.     The consumer is not required to rely upon the debt collector to voluntarily comply with the FDCPA. *McCabe*, 272 F. Supp. 2d at 738 ("However, Crawford misses the point of the protection found in § 1692g(a)(4). Although a debt collector *may* provide verification upon *oral* notification, the debt collector *must* provide verification upon *written* notification.  If the debtor gives only *oral* notification of the dispute, the FDCPA imposes no requirement on the debt collector to obtain verification of the debt.").

### *Attorney Stolper's letter omits the required 15 U.S.C. § 1692g(a)(5) notice language*

35.     Exhibit A also omits the notice required by 15 U.S.C. § 1692g(a)(5) entirely.

36.     The notice informs the consumer of his or her right to demand that the debt collector provide the name of the original creditor, during which process many debt collection activities must stop. 15 U.S.C. § 1692g(b).

37.     Failure to include the notice language that 1692g(a)(5) requires in the validation notice is a *per se* violation. *Janetos*, 825 F.3d at 324 ("for good reason, we have not extended the implicit materiality requirement of § 1692e to reach claims under §1692g(a).").

38.     For the purposes of 15 U.S.C. § 1692e, failure to provide the portion of the validation notice corresponding to 15 U.S.C. § 1692g(a)(5) is a material violation of the FDCPA.

39.     As debts are generally freely assignable, and creditors frequently change names and addresses, the § 1692g(a)(5) provides the consumer with a method of determining whether, and to whom, he or she actually owes a particular debt.

### *Nothing requires the consumer to indicate "the nature of the dispute"*

40.    Exhibit A also falsely states that the consumer must provide a reason, description or justification for a dispute.

41.    Exhibit A states: "If this claim or any portion of this claim is disputed you are to notify us within thirty (30) days, indicating the nature of the dispute."

42.    Nothing in 15 U.S.C. § 1692g(a) requires the consumer to explain to the debt collector the reason for the dispute. In fact, the Seventh Circuit has held that a consumer may dispute a debt for any reason or no reason. *DeKoven v. Plaza Assocs.*, 599 F.3d 578, 582 (7th Cir. 2010).

43.    For the purposes of Plaintiff's claims under 15 U.S.C. § 1692e, such a false statement is a material false statement, as it imparts in the unsophisticated consumer a false belief about the requirements to dispute a debt.

44.    In general, false, misleading or confusing statements about the debt itself, or about the creditor's, debtor's or debt collector's rights or intentions, are all material. *Hahn v. Triumph Partnerships LLC*, 557 F.3d 755, 757-58 (7th Cir. 2009).

### *Attorney Stolper's letter threatens a lawsuit within the validation period*

45.    Exhibit A further states that a "The fact that you have thirty (30) days to indicate the dispute does not prevent us from filing a lawsuit within that time."

46.    Exhibit A is confusing to the unsophisticated consumer because it demands a payment within the verification period, but does not explain how the validation notice and the lawsuit threat fit together. *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997) ("In the typical case, the letter both demands payment within thirty days and explains the consumer's right to

8

demand verification within thirty days. These rights are not inconsistent, but by failing to explain how they fit together the letter confuses.").

47.     The litigation threat in <u>Exhibit A</u> is not distinguishable from the threat in *Bartlett*, and <u>Exhibit A</u> lacks the safe harbor language described in *Bartlett*.

48.     15 U.S.C. § 1692e generally prohibits the "use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

49.     15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt.

50.     Plaintiff was confused by <u>Exhibit A</u>.

51.     The unsophisticated consumer would be confused by <u>Exhibit A</u>.

52.     Plaintiff had to spend time and money investigating <u>Exhibit A</u>.

53.     Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of <u>Exhibit A</u>.

54.     The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge

to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Attorney Stolper Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

55.　Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

## COUNT I – FDCPA

56.　Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

10

57.     Exhibit A contains an attempted debt validation notice that is inconsistent with the statutory requirements in several ways.

58.     Exhibit A purports to add a non-existent writing requirement for disputes, in violation of 15 U.S.C. § 1692g(a)(3). *Hooks*, 717 F.3d at 285-87; *Clark*, 741 F.3d at 490-91; *Camacho*, 430 F.3d at 1081.

59.     Exhibit A fails to state that, in order to trigger the debt validation process and requirements, the consumer must do so in writing.

60.     By omitting any indication that the alleged debt must be disputed in writing to trigger the debt validation requirements imposed on debt collectors by 15 U.S.C. § 1692g(b), Exhibit A is also deceptive and misleading.

61.     Exhibit A entirely omits the notice language required by 15 U.S.C. § 1692g(a)(5).

62.     Exhibit A purports to require the consumer to indicate the nature of the dispute when nothing in 15 U.S.C. § 1692g(a) requires a reason for a dispute. *DeKoven*, 599 F.3d at 582.

63.     Exhibit A threatens a lawsuit within the validation period without using *Bartlett* safe harbor language or any equivalent language.

64.     Defendant has violated 15 U.S.C. §§ 1692g(a), 1692e,  and 1692e(10).

## CLASS ALLEGATIONS

65.     Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent an initial collection letter in the form represented by Exhibit A, (c) seeking to collect a debt for personal, family, or household purposes, (d) between October 27, 2016 and October 27, 2017, inclusive, (e) that was not returned by the postal service.

66.     The Class is so numerous that joinder is impracticable.  On information and belief, there are more than 50 members of the Class.

11

67. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

68. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

69. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

70. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

71. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff request that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: October 27, 2017

**ADEMI & O'REILLY, LLP**

By:  /s/ John D. Blythin_____
     John D. Blythin (SBN 1046105)
     Mark A. Eldridge (SBN 1089944)
     Jesse Fruchter (SBN 1097673)
     Ben J. Slatky (SBN 1106892)

12

3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bjslatky@ademilaw.com

13